IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**TIMOTHY EDWARD KEENER**                                                                 **PLAINTIFF**

v.                                        **Civil No. 4:12-cv-4151-BAB**

**JOHNNY GODBOLT,** *et al*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Before the Court is Defendants' Motion to Compel Discovery or in the Alternative Dismiss. ECF No. 42. Plaintiff has not responded. The Parties have consented to the jurisdiction of the undersigned. ECF No. 38. I find Defendants Motion to Compel Discovery or in the Alternative Dismiss should be **GRANTED**.

**1.     BACKGROUND**

Plaintiff filed his Complaint on December 19, 2012. ECF No. 1. Service on Defendants was ordered. Defendants served written discovery on Plaintiff and he failed to respond. On November 22, 2013, Defendants moved to compel responses to discovery. ECF No. 29. On August 12, 2014, the Court granted the motion and ordered Plaintiff to provide written answers to discovery. ECF No. 40. The Order compelling discovery stated in part, "*Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case*." Thereafter Plaintiff filed a response to the written discovery. His responses are so inadequate as to not amount to responses at all. For example in Interrogatory No. 2, Defendant requests that Plaintiff list all documents he which may be used at a trial in this matter. Plaintiff response in total was: "You can request from Frederal (sic) court building on file." The remainder of his answers were also completely non-responsive. ECF No. 42-2. Plaintiff completely failed to respond to Defendant's Request for Production of Documents.

Defendants' motion to Compel was filed on September 17, 2014. To date, Plaintiff has not responded to this Motion.

2. **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Federal Rules of Civil Procedure in conducting discovery in this matter. Further, he had failed to comply with an Order of this Court in answering that discovery. Finally, he has offered no explanation for his failure to comply with the Rules or the Orders of this Court. None of the mailing from this Court have come back undelivered and

Plaintiff has not advised the Court of a change of address. I therefore presume he has received the prior Orders as well as Defendants' pleadings. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) I recommend Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and prior Orders of this Court.. Fed. R. Civ. P. 41(b).

**4.     CONCLUSION**

For the foregoing reasons, Defendants' Motion to Compel Discovery or in the Alternative Dismiss (ECF No. 42) should be **GRANTED**. Plaintiff's Complaint (ECF No. 1) should be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and prior Orders of this Court.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**DATED this 14th day of April 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE